# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.

ANTONIO SIMMONS,

        Defendant

_____/

Case No. 11-CR-20699-9
HON. NANCY G. EDMUNDS

## SENTENCING MEMORANDUM

On February 28, 2012, Defendant made his initial appearance with counsel and was detained pending a detention hearing. On February 29, 2012, Defendant was charged in one count of a 15 count indictment with Conspiracy to Possess With Intent to Distribute and Distribution of Controlled Substances (marijuana, cocaine and heroin) in violation of 21 U.S.C. sec. 846, 841(a), 841(b)(1)(A)(i), 841(b)(1)(A)(II) and 841(b)(1)(A)(vii). On March 5, 2012. Defendant was arraigned on the First Superseding Indictment; the defendant entered a plea of guilty and consented to detention. The Indictment notes the defendant is charges with between 100 and 300 kilograms of Cocaine per month from July 2008 through 2011. However, the Second Superseding Indictment corrects the offense amount associated with the defendant. In Count 3 of the Second Superseding Indictment, the defendant is charged with the same statutes as previously indicated but the offense involves 1000 kilograms or more of marijuana, five kilograms or more of cocaine and one or more kilograms of heroin.

On October 8, 2013, Defendant tendered a plea under a Rule 11. The Rule 11 agreement specified a guideline range of 262-327 months. The parties agreed to a sentence of 240 months which

was below the advisory guideline range. These calculations were based on the offense level and a Criminal History Category of V. However, the Criminal History Category should have been scored at IV rather than V. The parties assigned two criminal history points to two of the defendant's prior convictions pursuant to USSG sec. 4A1.1(b). The probation department determined that only one criminal history point should have been score for each of those convictions because the defendant received suspended sentences on those convictions as opposed to incarceration. Therefore, USSG sec. 4A1.1(c) is the applicable section to apply to the guideline scoring. Furthermore, the parties included a one point enhancement for new criminal activity that occurred less than two years after release from imprisonment. The probation department determined that the enhancement was no longer applicable and removed the point in scoring the guidelines.

. The probation department recalculated the guidelines and determined that defendant's guidelines are 235-292. The defendant agrees that the guideline ranges calculated by probation are correct.

## THE GUIDELINES

In *United States v. Booker*, 1125 S .Ct 738(2005), the Supreme Court transformed the Federal Sentencing Guidelines from mandatory to advisory in two majority decisions: Application and Remedy. The application issue was decided by a 5-4 majority that the guidelines as applied violated a Defendant's Sixth Amendment right to a jury by delegating the power to make factual findings to judges that increased sentences.. The remedy, decided by 5-4 majority declared the guidelines advisory. It requires a sentencing court to consider the guidelines ranges as a start, but permits the Court to tailor the sentences in light of other statutorily considered factors pursuant to 3553(a) (Supp. 2004). In fact, 18 U.S.C. sec. 3555(a) factors must be considered in fashioning the appropriate

sentence. *United States* v. *Webb*, 403 F.3d 373, .383 (6th Cir. 2005). Those factors in turn will guide Appellate Courts in determining whether sentences are reasonable both procedurally and substantively. Courts of Appeal must review all sentences-whether inside, just outside, or significantly outside the guidelines range-under a deferential abuse-of-discretion standard. *Gall v. United States, 128 S.Ct. 586, 591(2007).*

A good example of sentencing disparities is found in the Career Offender Guidelines. Since the guidelines have been ruled advisory only, the career offender guidelines fall in that category. Federal Judges have ignored career offender guidelines across the country when the defendant's prior convictions involved only a small amount of drugs. Judges are allowed to ignore the career offender provisions if they find that they conflict with the mandate in 18 U.S.C. 3553 to impose a "reasonable sentence. Therefore, a judge is free to tailor a sentence that that he or she believes is "reasonable' regardless of the sentence suggested by the career offender guidelines.

The guidelines expressly recognize a court's authority to depart under circumstances where the defendant's criminal history increases the guideline range. See *United States v. Shoupe,* 33 F.3d 835(3rd Cir. 1994), departure from Career offender can be in both criminal history and offense level. A court can depart downward for a career offender based on the disproportionate treatment of drug offenders. *United States v. Reyes,* 8 Fd 1379 (9th Cir.1993). A number of courts, *post-Booker,* have chosen to address the inequities created by the career offender guidelines by use of variances rather than departure. *United States v. MacKinnon,* 401 F.d 8 (1st Cir. 2005), *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006).

Mr. Simmons is not charged as a Career Offender but his guidelines are analogous. The Sentencing Commission has identified some flaws in the Career Offender Guidelines that are useful in Crafting post-*Booker* variance arguments. In *United States v. Hammond,* 240 F. Supp. 2d. 872 (E.D.Wis.2003), the Court departed from a category III to a category II based on an overstated criminal history.  A court may consider(1) age of priors, (2) the defendant's age at time of offenses, (3) whether drugs and alcohol were involved in the priors sentences, (4) the circumstances the priors, (5) the length of prior sentences, (6) the circumstances of defendant's life at the time of priors, and (7) the proximity to priors.

In the instant case, Mr. Simmons grew up in an environment fueled with drug use and drug sales. Both parents and step-parents were addicted to drugs. It was not   an unusual sight for the young Mr. Simmons to see drug usage, sales and paraphernalia in his home.

Mr. Simmons had his first alcoholic drink at ten and started smoking marijuana on a daily basis at eleven. As outlined in detail in the Pre-sentence report, Mr. Simmons has abused alcohol and many controlled substances since childhood. Many of his arrests over the years have been alcohol or drug related. In 2011, Mr. Simmons lost his right leg in a car crash that was fueled by alcohol. Needless to say, Mr. Simmons could benefit from the Bureau of Prisons' drug and alcohol program as well as mental health therapy for depression and childhood traumas never addressed.

Subsection (a) of 18 U.S.C.  sec. 3553 sets forth a number of factors that must be considered at sentencing: the nature and circumstances of the offense, history and characteristics of the Defendant, the seriousness of the offense; the need to promote respect for the law; provide just punishment; the need to afford adequate deterrence; the need to provide educational or vocational

training, medical care, psychiatric and substance abuse treatment, or other correctional treatment; the kinds of sentences available; the sentencing guidelines; any pertinent policy statement; the need to avoid sentencing disparity; and the need to provide restitution and the possibility of rehabilitation.

Sentencing Courts have correlated the above factors into three general categories: the nature of the offense, the history and character of the Defendant, and the needs of the public and the victim(s) of the offense.

## **VARIANCE BASED ON PROPOSED 2-LEVEL REDUCTION IN DRUG QUANTITY TABLE**

The Smarter Sentencing Act of 2013 sec, 4 Sentencing Modifications For Certain Drug Offenses proposes a Variance based on proposed 2-level reduction in the drug quantity table. The United States Sentencing Commission. The Commission reviews several issues and a statute previously enacted and urges amendments that fairly and adequately reflect individual offenders as well as public policy and public safety concerns.

The proposed amendment addresses the Applicability of Statutory Minimums, Clarification of the Applicability of the Fair Sentencing Act and Sentencing Modifications for Certain Drug Offenses.

The proposed amendment simply undoes 2 levels the Commission added with no basis in the purpose of sentencing or was necessary to tie the guidelines to mandatory minimum across 17 quantity levels. The Commission acknowledges that the two levels never serve any legitimate or quasi-legitimate purpose. Therefore, judges should grant the 2-level variance forthwith.

In addition, the United States Attorney General Eric H. Holder called on Congress to pass the legislation that would reduce criminal Penalties for some drug offenders. Attorney General

Holder stated, "{the legislation could ultimately save our country billions of dollars in prison costs while keeping us safe}" Furthermore, Holder urged Congress to pass the Smarter Sentencing Act because these common-sense reforms would give Judges more discretion in determining appropriate sentences for people convicted of certain drug crimes. The reforms advanced would fundamentally improve policies, that exacerbate rather than alleviate, the goals of the Fair Sentencing Act.

In *UNITED STATES v. DIAZ,* the Court held that the Sentencing Commission should delink the drug trafficking weight-driven guideline ranges and use its resources, knowledge and expertise to fashion fair sentencing ranges for drug trafficking offenses.

The Commission's Smart Sentencing Act of 2013 sec. 4 seeks to amend the Controlled Substance Act 21 U.S.C. 841(b)(1) sec. 401(b)(1) subparagraph (A) by striking the mandatory minimum of "10 years or more to "5 years or more.

In the case at bar, Defendant Simmons faces a mandatory minimum of 10 years or more, has a base level of 35 and a guideline range of 235-293 according to the updated Rule 11 presented to the Court. However, if this court takes in account the Smart Sentencing Act of 2013 and the Attorney General Eric H. Holder's call for Congress to pass the legislation.

Defendant Simmons respectfully asks this court to grant him a 2-level variance. This would take the Base level for the offense to 33 as opposed to the 35 currently contained in the Rule 11. However, a base level of 33 changes the guidelines from 235-293 to 188-235. Furthermore, the Smart Sentencing Act would make the mandatory minimum 5 years or more as opposed to 10 years or more. The defendant urges the court to adopt the 2-level variance and reduce the mandatory minimum to 5 years. The defendant agrees to waive filing a 3582© motion for a reduced sentence when the amendment goes into effect in November, 2014.

**THE NATURE OF THE OFFENSE/ CHARACTERISTICS OF THE DEFENDANT**

In the instant case, Defendant pled guilty to the indictment under the above-mentioned case. Mr. Simmons is charged with activity that occurred between July 2008 and February 2012. Mr. Simmons entered into the Rule 11 with the assurance that he would receive a sentence that fell 22 months below the calculated guidelines. Therefore, a correct calculation by the probation department that the guidelines are lower than the 240 months specified should not disqualify Mr. Simmons for a 2- level variance.

Defendant's employment record is consistent from 1995 until the time of his detention.. Mr. Simmons has several health issue which include type II diabetes, joint disorders, chronic kidney disease, peripheral neuropathy, hypertension and chronic lower right leg pain resulting from his amputation,

Defendant has a long history of criminal conduct but perhaps this could be explained by his earliest memories of growing up in a house full of drug addicts.. This conviction will result in a prison sentence due to the 10 year mandatory minimum. However, Mr. Simmons would like to explain and contradict some of the circumstances of his arrests and convictions.

1. Possession of Marijuana and Resulting and Obstructing a Police Officer.(12/09/2007). (P. 49). Defendant vehemently denies that he tore open a bag of marijuana, scattered inside the interior of the automobile or dumped it over the heads of sleeping children. Furthermore, defendant challenges the government to substantiate the allegations.
2. Felon in Possession of a Firearm, Carrying a Concealed weapon, Felony Firearm and Operating While Intoxicated/Impaired Second Offense.(02/12/2011)(P.58). Defendant medical records contradict allegations of alcohol use. His blood test failed to show any indicia of alcohol in the blood stream.

    3. On Page 20 & 21 of the presence Report, there are a number of arrests attributed to the defendant. However, Mr. Simmons contends that paragraphs 59-67 are not his arrests nor does have any prior knowledge of their existence.
    4. Mr. Simmons is before the court on his first federal drug conviction not his second as stated in erroneously in paragraph 114.

While in Prison, Mr. Simmons intents to use the time wisely. He has expressed the need for comprehensive drug treatment and counseling. In addition, he plans to pursue educational and vocational opportunities.
.

The Defense agrees with Probation Department's calculation that Defendant is within a Criminal History Category IV...

However, in *U.S. v. Duran*, 2005 WL 234778 (D. Utah, Jan. 31, 2005) the Court opined that *Booker, supra*, makes the guidelines effectively advisory, so long as the court consults the guidelines in determining an appropriate sentence, thus, any resulting sentence pursuant to the guidelines is deemed appropriate. *Duran*, *supra*. In *United States v. Jackson*, No. 04-3074(6th Cir. 5/24/05), the Court held *Booker, supra,* greatly changed the realm of federal sentencing; the issue is now what quality of analysis and explanation, if any, is necessary where the district court exercises its discretion to vary a defendant's sentence from the applicable range provided by the now-advisory Guidelines; ultimately, *Booker* requires that the sentence imposed be reasonable; district courts are required to consider the applicable Guidelines sentence range, but only as one factor of several laid out in 3553(a). However, when a mandatory minimum is involved the court must make this the starting point of every sentence.

The Defendant is amenable to rehabilitation. In the *United States v. Collington, 461 F.3d 805(6th Cir. 2006)*, the Court held a lower sentence was sufficient to reflect the seriousness of the crime while allowing for the possibility of reform.

A district court abuses its discretion when it makes an error of law. ***Koon v. United States,*** 518 U.S. 81, 100 (1996). An abuse of discretion as a definite and firm conviction that the trial court committed a clear error of judgment. ***United States v. Carter***, 463 F.3d 526, 540(6th Cir.2004). In ***Spears v. United States***, 129 S.Ct. 840 (2009), the Court held that the career offender guidelines are not mandatory and that district courts have authority to vary below the low end of the career offender guidelines because they are advisory.

In an attempt to cooperate defendant informed the agents of his role in the conspiracy. Courts can consider cooperation and place the defendant in the guideline range.

Sentencing Courts cite numerous reasons for downward departures included but not limited to general mitigating circumstances, pursuant to plea agreement, criminal history, aberrant behavior, family ties and responsibilities, diminished capacity, age, health and other factors.

The Defendant submits that the individual characteristics and nature of the offense will be satisfied by the court imposing a sentence designed with his unique characteristics taken into consideration.

Defendant submits that this Court can consider the offense and the circumstances surrounding the offense, age of some of the offenses, the family history, extensive drug and alcohol use since childhood, the defendant's willingness to take responsibility for his actions and age of offender.

WHEREFORE, the Defense respectfully requests this Honorable Court formulate a reasonable sentence commensurate with the above-cited factors that would be would be satisfied by imposition of a sentence tailored to suit this defendant...

Respectfully submitted,

W. Otis Culpepper
Attorney for the Defendant

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

                                Case No. 11-CR-20699-9
vs.                            HON. NANCY G. EDMONDS

ANTONIO SIMMONS,

      Defendant.
_____/

**CERTIFICATE OF SERVICE**

      I hereby certify that on, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

                                       /s/ W. Otis Culpepper
                                       W. OTIS CULPEPPER
                                       Attorney for Defendant
                                       Antonio Simmons
                                       615 Griswold St., Suite 1220
                                       Detroit, MI  48226
                                       (313) 963-5310
                                       otisculpepper@sbcglobal.net
                                       P23520