**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTONIO SIMMONS,

    Defendant.
_____/

Case No. 11-20699

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTON**
**FOR COMPASSIONATE RELEASE [530]**

    Pending before the Court is Defendant's letter motion for compassionate release. (ECF No. 530.) In his motion, Defendant requests that pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) the Court convert the remainder of his sentence to a term of supervised release with a condition of home confinement. Defendant contends his health condition constitutes extraordinary and compelling reason justifying this relief in the wake of the COVID-19 pandemic. The government opposes the requested relief and has filed a response. (ECF No. 532.) Having reviewed the record in its entirety, the Court determines that a hearing is not necessary and finds that Defendant's motion should be **DENIED without prejudice**.

    A district court may not grant a defendant's motion for compassionate release unless the defendant files it after the earlier of (1) the defendant "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit recently

held that this exhaustion requirement is mandatory. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The Government argues the motion should be denied because Defendant has not presented evidence that he satisfied the mandatory administrative exhaustion requirement. The Government also notes that the Bureau of Prisons has no record of a request from Defendant for compassionate release. Defendant acknowledges this shortcoming but argues that the Court should waive the administrative exhaustion requirement under the facts and circumstances presented here. Defendant's waiver argument, however, was expressly rejected by the Sixth Circuit in *Alam*. 960 F.3d at 834. Following the direction of the Sixth Circuit, Defendant's motion is hereby **DENIED without prejudice** because Defendant failed to exhaust his administrative rights prior to seeking relief in this Court.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 23, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 23, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager